**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13433

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANDRE J. TWITTY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:24-cr-00005-LGW-BWC-1

_____

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Andre Twitty, a criminal defendant proceeding pro se, appeals from the district court's September 18, 2025 order denying his

motion to dismiss the count in his indictment brought under 18 U.S.C. § 115(a)(1)(B).

We lack jurisdiction over Twitty's appeal because the district court's denial is not final or otherwise appealable. First, the denial is not final because Twitty has not been sentenced on any count and, thus, there is not a final judgment. *See* 28 U.S.C. § 1291; *Flanagan v. United States*, 465 U.S. 259, 263-64 (1984) (explaining that appellate review is generally prohibited in a criminal case until the defendant has been convicted and sentenced). Second, the order is not appealable under the collateral order doctrine, as Twitty may effectively challenge the order on appeal from a final judgment. *See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985) (explaining that the doctrine applies to district court orders "affecting rights that will be irretrievably lost in the absence of an immediate appeal").

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.